

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO. 6:16-cr-209-ORL-41DCI
                                                              18 U.S.C. § 1349

SWAINE SAVAGE

### INDICTMENT

The Grand Jury charges:

### COUNT ONE
(Conspiracy to Commit Mail Fraud)

#### A. Introduction

1.  At all times material to this Indictment, United Parcel Service (UPS) was a private and commercial interstate carrier that was a business that transmitted, carried, and delivered items from one state to another.

#### B. The Conspiracy

2.  From a date unknown to the United States, but beginning no later than in or about October 2014, and continuing until on or about March 23, 2015, in the Middle District of Florida, and elsewhere,

**SWAINE SAVAGE**

the defendant herein, did knowingly and willfully conspire, combine, confederate, and agree with persons both known and unknown to the Grand

Jury to commit mail fraud, by knowingly, willfully, and with intent to defraud, devising and intending to devise a scheme and artifice to defraud, and for obtaining money and property, by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing aforesaid scheme and artifice, to deposit and cause to be deposited any matter and thing to be sent and delivered by a private and commercial interstate carrier, and to take and receive therefrom any such matter and thing, and to knowingly cause to be delivered by such carrier according to the direction thereon, any matter and thing, in violation of 18 U.S.C. § 1341.

### C. Manner and Means of the Conspiracy

The manner and means used to accomplish the object of the conspiracy included, among others, the following:

3. It was a part of the conspiracy that co-conspirators would and did willfully devise and participate in a scheme to call an elderly Victim and make material false representations that they were associated with a lottery, including that one of the callers was an attorney for the lottery, to fraudulently obtain the Victim's money.

4. It was further a part of the conspiracy that the co-conspirators would and did make material false representations that the Victim had won approximately $3.5 million as part of the lottery sweepstakes.

5. It was further a part of the conspiracy that the co-conspirators would and did make material false representations to the Victim that in order to receive the lottery money the Victim would need to pay fees and taxes in cash.

6. It was further a part of the conspiracy that the co-conspirators would and did make material false representations to the Victim that the Victim, who resided in Virginia, would need to send the cash via UPS to various addresses located in Florida and Georgia.

7. It was further a part of the conspiracy that the co-conspirators would and did receive the packages in the Middle District of Florida and elsewhere that contained large amounts of cash and were sent via UPS by the Victim, who resided in Virginia.

8. It was further a part of the conspiracy that co-conspirators would and did accept the packages containing large amounts of cash from the Victim by using an alias.

9. It was further a part of the conspiracy that **SWAINE SAVAGE** and another co-conspirator would and did travel from Jamaica to the United States to obtain the packages that contained cash.

10. It was further a part of the conspiracy that **SWAINE SAVAGE** and other co-conspirators would and did transport the money from the United States to Jamaica for the purpose of delivering it to other co-conspirators in Jamaica.

11. It was further a part of the conspiracy that **SWAINE SAVAGE** and other co-conspirators would and did receive money for their acts taken during the conspiracy.

12. It was further a part of the conspiracy that **SWAINE SAVAGE** and other co-conspirators would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 18 U.S.C. § 1349.

## FORFEITURE

1. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of the violation alleged in Count One of this Indictment, the defendant, **SWAINE SAVAGE**, shall forfeit to the United

States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all of his interest in any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, including, but not limited to a money judgment representing the amount of proceeds obtained by the defendant as a result of the allegations alleged in the Indictment.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████████████████
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
James D. Mandolfo
Assistant United States Attorney

By: _____
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

SWAINE SAVAGE

## INDICTMENT

Violations:

18 U.S.C. § 1349

A true bill,

███████████████████████████
Foreperson

Filed in open court this 26th day October, 2016.

_____
Clerk

Bail $_____

GPO 863 525